■ In the Matter of BEATRICE MELTON, Respondent, v. DONALD LAFLER, Appellant.— Order unanimously reversed on the law and facts, without costs of this appeal to either party and petition dismissed. Memorandum: The trial court's determination that appellant is the father of petitioner's child is not supported by satisfactory evidence. The child was born on July 19, 1963. Within the probable period of conception petitioner's pregnancy could have resulted from sexual intercourse with her employer in the last part of September or the first part of October, 1962 or from intercourse with her husband in mid October or with appellant on or after October 28, 1962. Her husband is named as the child's father in her birth certificate. Proof of access by the husband was established by petitioner's own testimony. Prior to September, 1962, petitioner, her husband and their two children, aged 6 and 8, were living together near the City of Canandaigua where the husband had been steadily employed since April, 1961. They then separated for reasons which did not impugn the fidelity of either of them, and in October petitioner moved into an apartment in Canandaigua. On October 20 her husband brought some of

her clothing to her and in the privacy of the apartment he attempted to have sexual intercourse with her. She testified "He tried but I wouldn't." Her testimony in that respect, however, was impeached by undenied evidence of a prior statement by her that sexual intercourse had then been accomplished with her husband. Petitioner's uncorroborated testimony that she had a menstrual period on October 28, 1962 is insufficient to eliminate the possibility that her husband is the father of her child. Such testimony conflicts with her testimony that she had sexual intercourse with appellant on that date and with her further testimony that she knew she was pregnant before November 5, 1962 and is inconsistent with the date of the child's birth. Furthermore, her testimony is too confused to be reliable. She testified that she had intercourse with her employer the "last part of September or first part of October," "the 25th of October," "before the 28th September," "that her menstrual period comes on the 28th," "it ends on the 28th;" that she knew that she was pregnant "before the 5th of November," "between the 5th and 10th of November;" that when she went to the doctor around Christmas time she had been pregnant for "11 weeks" for "8 weeks". On this record it is doubtful that any one man can be said with any degree of certainty to be the father of the child. The evidence is not entirely satisfactory. The petition should be dismissed. (*Matter of Rebmann* v. *Muldoon,* 23 A D 2d 163; *Sands* v. *Tufarolo,* 12 A D 2d 893.) (Appeal from order of Ontario Family Court adjudging respondent to be the father of a child born to petitioner and providing for support of said child and for payment of medical and hospital bills.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.